IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


EILEEN M. CONROY,                )
                                 )
            Plaintiff,           )
                                 )
    v.                           )   Civil Action No. 10-1234
                                 )
PENNSYLVANIA TURNPIKE            )
COMMISSION, et al.,              )
                                 )
            Defendants.          )


REPORT AND RECOMMENDATION

I.  Recommendation

Presently before the Court is Defendants', Pennsylvania Turnpike Commission ("PTC"), Joseph Brimmeier, George Hatalowich, and Doreen McCall (collectively, "the Defendants") motion to transfer venue. For the reasons that follow, it is recommended that the Defendants' motion (Doc. # 12) be granted.

II. Report

Plaintiff, Eileen Conroy ("Conroy"), filed a complaint in the Western District of Pennsylvania against the Defendants alleging violations of 42 U.S.C. § 1983, Pennsylvania's Whistleblower Law, 43 P.S. § 1421, *et seq*. and Pennsylvania's Protection of Employment of Crime Victims, Family Members of

1

Victims and Witnesses statute, 18 Pa.C.S. § 4957, *et seq*. Conroy claims that she was passed over for promotion by the PTC in favor of a politically-connected candidate and that her employment was terminated in retaliation for providing testimony to a Pennsylvania Grand Jury empaneled in Pittsburgh to investigate political patronage at the PTC. The Defendants have filed a motion to transfer venue to the Middle District of Pennsylvania under 28 U.S.C. § 1404(a).

A. Discussion

Section 1404(a) states that a district court may, "in the interest of justice," transfer a civil action to any district where it may have been brought "[f]or the convenience of parties and witnesses." The party moving for the transfer has the burden of establishing that a change of venue is appropriate, Jumara v. State Farm Insurance Company, 55 F.3d 873, 879 (3d Cir. 1995), and, generally, the plaintiff's choice of forum "should not be lightly disturbed." National Asset Management v. Coleman, Civil Action No. 10-16, 2010 WL 3338343, at *3 (W.D.Pa. August 23, 2010)(quoting Jumara, 55 F.3d at 879).

In Jumara, the Court of Appeals for the Third Circuit delineated private and public factors for courts to consider in deciding motions to transfer. The private interests include: (1) the plaintiff's choice of forum; (2) the defendant's preference;

(3) where the claim arose; (4) the convenience of the parties as defined by their particular physical and financial conditions; (5) the convenience of the witnesses, but only to the extent that they may be unavailable for trial in one of the fora; and (6) the location of books and records, again factoring whether they cannot be produced in one of the fora. 55 F.3d at 879. The public interests include: (1) the enforceability of the judgment; (2) practical considerations concerning trial such as expense and expediency; (3) docket congestion in the competing fora; (4) local interest in deciding local controversies; (5) public policies of the fora; and (6) the trial judge's familiarity with the governing law. Id. at 879-80.

    1. Private Factors

First, Conroy's choice of forum weighs in her favor. However, the deference normally accorded to the plaintiff's preference is lessened when, as here, "the operative facts that give rise to the action occur in another district." Cameli v. WNEP-16 The News Station, 134 F.Supp 2d. 403, 405 (E.D.Pa. 2001) Additionally, although Conroy has attested to the fact that she owns a residence in Pittsburgh and plans on making it her permanent residence in March 2011, she currently resides in the Middle District of Pennsylvania. Accordingly, while Conroy's

3

choice of forum still factors in her favor, is does not carry the traditional paramount weight.

The second factor, the preference of the defendants, obviously weighs in the Defendants' favor. However, the defendant's choice of forum is entitled to "considerably less" weight than the plaintiff's. <u>Penn Mutual Life Insurance Company v. BNC National Bank</u>, Civil Action No. 10-625, 2010 WL 3489386, at *8 (September 2, 2010).

Factor three, the forum where the claim arose, weighs heavily in favor of transfer. Conroy was employed by the PTC in Harrisburg and the allegedly illegal failure to promote and retaliatory termination occurred in the Middle District.

With regard to the fourth factor, the convenience of the parties, neither side has indicated that there are financial or physical impediments associated with litigating in either fora. Thus, this factor is neutral.

The fifth factor concerns the convenience of the witnesses. The Defendants claim that all the witnesses either reside or work in the Middle District. Conroy does not identify the residences of witnesses who would appear on her behalf, but does not appear to dispute that most of the witnesses are located in the Middle District.

The convenience of the witnesses employed by the PTC is not to be weighed in the Defendants' favor, see Pittsburgh Logistics Systems, Inc. v. C.R. England, Inc., Civil Action No. 09-1036, 2010 WL 170403, at *5 (January 14, 2010)(accessibility of employee witnesses carries no weight because parties obligated to procure their attendance at trial), however, it has not been established that all witnesses are PTC employees. This fact and for the additional reason that Conroy has not identified any witnesses who reside or work in the Western District, weighs this factor in the Defendants' favor.

The Defendants argue that the sixth factor, the availability of relevant records or books should favor transfer because the documents related to Conroy's employment and to her Grand Jury testimony are maintained in the Middle District. Courts have lately determined that, in this digital age, the movement of documents is not a compelling factor in a venue transfer analysis. Id. at *6; See also Colacicco v. Apotex, Inc., Civil Action No. 05-5500, 2009 WL 4729883, at *4 (December 10, 2009)(same). Consequently, this factor is neutral.

2. Public Interest Factors

Some of the public interest factors, *i.e.*, the enforceability of the judgment, public policies of the fora, and the court's familiarity with state law are neutral. Also,

neither party has offered evidence concerning docket congestion in the respective fora. The parties however, have presented arguments on why the two remaining factors, practical considerations regarding the conduct of the trial, and local interest in deciding local controversies, should be weighed in their favor.

The Defendants urge that the presence of a similar action filed in the Middle District, namely, <u>Heath v. Pennsylvania Turnpike Commission</u>, et al. Civil Action No. 1:10-CV-0494 (M.D. Pa. March 4, 2010) (the "Heath Action") compels a transfer to the Middle District because a substantial amount of the documents and witnesses that are germane to both cases are located at the PTC's office in that district. The plaintiff in the Heath Action is a PTC employee who similarly alleges that she was passed over for promotion in favor of the same politically-favored candidate named in Conroy's complaint and the case is currently in the discovery phase of litigation.

It has already been determined that the witness convenience factor favors the Defendants and the availability of documentary evidence is neutral. As for the similarity of the pending related action, while Conroy's case and the Heath Action seemingly overlap on whether a better-qualified candidate was passed over for promotion because of political patronage,

6

litigation of the qualification issue would be unique to each plaintiff. Also, Conroy's complaint includes the separate allegation that she was terminated in retaliation for testifying before the Grand Jury. Finally on this factor, the cases are in different stages of litigation; therefore, a transfer at this time would not necessarily promote easy, expeditious, or inexpensive trial proceedings.

Advocating against transfer, Conroy urges that conducting the trial in the Middle District would be problematic because the significant number of Commonwealth employees residing in the Middle District would increase the difficulty in selecting an impartial jury.

Conroy's position concerning the anticipated jury pool is speculative and does not account for the fact that the Middle District encompasses a broad geographic area, see 28 U.S.C. § 118(b) (Middle District of Pennsylvania is comprised of thirty-three counties), or that thoughtful voir dire would alleviate the perceived difficulty with holding trial in the seat of the Commonwealth government.

Thus, neither party has demonstrated that practical considerations favor holding trial in one fora over the other. This factor is neutral.

7

Finally, Conroy contends that the local interest in deciding local controversies factor should be weighed in her favor because the Western District has an interest in assuring that witnesses testifying before the Grand Jury in Pittsburgh do not become victims of retaliation by their employers.

Without comment upon whether the sanctity of Grand Jury testimony is a peculiarly local concern, Conroy's attempt to have this factor weighed in her favor is unsuccessful because the alleged wrongdoing resulting from her testimony occurred in the Middle District, thereby balancing out the supposed local interest of the Western District. This factor, again, is neutral.

Having evaluated each of the private and public factors, we conclude that the balance of these factors weighs in favor of transfer. Regarding the private factors, Conroy's choice of forum weighs in her favor, but without the customary emphasis. On the opposing hand, the Middle District situs of the cause of action weighs strongly for the Defendants. Also supporting the Defendants' request for transfer is the convenience of the witnesses factor and, to a lesser extent, their venue preference. The remaining private factors do not champion either fora, nor do the relevant public factors, having been deemed neutral, tip the balance favorably in either

direction. Accordingly, the Middle District of Pennsylvania is the more convenient forum and it appears that the motion to transfer should be granted.

III. Conclusion

For the reasons stated, it is recommended that the Defendants' motion to transfer venue (Doc. # 12) be granted.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of the objections to respond thereto. Failure to file timely objections may constitute waiver of any appellate rights.

                Respectfully submitted,

Dated: January 19, 2011    s/Robert C. Mitchell
                Robert C. Mitchell
                U.S. Magistrate Judge